UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHRISTOPHER BERTRAND, SIMEON BRADLEY, | * | CIVIL ACTION |
| CHANZ COOK, JAMES ECKHOLDT, | | |
| TRISTAN EKINIA, JASON FOLTZ, | * | NUMBER: |
| CHRISTOPHER GAI, MERVIN GRAVES, | | |
| PHILIP KERLEC, CLYDE LINAM, | * | SECTION: |
| CHRISTOPHER LIVINGSTON, ARTHUR MAILLET, | | |
| DWAYNE PARKER, BERNARD PROPPS, | * | |
| KRISTEN RIVERO, NIAN SANDERS, | | |
| BRANDON THERIOT, LUKE TYLER, | * | |
| BOBBIE WILSON AND  BROGAN YOUNG | | |
| | * | |
| VERSUS | | |
| | * | |
| THE PARISH OF JEFFERSON, | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*

## **COMPLAINT**

The complaint of Christopher Bertrand, Simeon Bradley, Chanz Cook, James Eckholdt, Tristan Ekinia, Jason Foltz, Christopher Gai, Mervin Graves, Philip Kerlec, Clyde Linam, Christopher Livingston, Arthur Maillet, Dwayne Parker, Bernard Propps, Kristen Rivero, Nian Sanders, Brandon Theriot, Luke Tyler, Bobbie Wilson and  Brogan Young, all persons of the full age of majority who are domiciled in the State of Louisiana, with respect avers the following:

1.

This action is brought pursuant to the Fair Labor Standard's Act, 29 U.S.C. §201, et seq ("FLSA"). The jurisdiction of this court is founded on 28 U.S.C. §1331.

2.

The defendant herein is the Parish of Jefferson, a political subdivision of the State of Louisiana, which at all times pertinent herein employed all of plaintiffs in the Water Department. The Parish of Jefferson is an employer covered by the FLSA per 29 U.S.C. §§ 203(d) and

203(e)(2)(C).

3.

Plaintiffs are all employed by the Parish and assigned to the Water Department. The Parish has designated all of the plaintiffs as essential employees for purposes of emergencies declared by the Parish President.

4.

On August 26, 2021, the Parish President declared a state of emergency, anticipating the impact on the Parish of what was then Tropical Storm Ida.

5.

The Parish ordered all of the plaintiffs to report to the Water Department no later than midnight on August 29, 2021. All of the plaintiffs complied with the directive and began working 24 hour shifts. This continued until September 4, 2021 at 7:00 p.m. when the plaintiffs were formally deactivated. From September 5, 2021 until September 10, 2021, plaintiffs worked 12 hour shifts.

6.

Rule IV, Section 5.10 of the Parish Personnel Rules provides:

> (a) Non-working time that employees are required to remain the Parish premises on stand-by (up to and including 24 hours per day) shall be considered time on duty for which employees shall be compensated on an hour-for-hour basis and which shall be considered as hours worked for overtime pay commutation purposes. Such payments shall be made in lieu of stand-by pay provided for under subsection 5.6 above.
>
> (b) As provided under the Fair Labor Standards Act (FLSA), where an employee is required to be on duty for 24 hours or

more, the Parish and the employee may agree to exclude bona fide meal periods and a bona fide regularly scheduled sleeping period of not more than 8 hours from hours worked, provided adequate sleeping facilities are furnished by the Parish and the employee can usually enjoy an uninterrupted night's sleep.  If sleeping period is more than 8 hours, only 8 hours can be credited and excluded.  Where no expressed or implied agreement to the contrary is present, the 8 hours of sleeping time and meal periods constitute hours worked.

7.

With respect to plaintiffs' work during and after Hurricane Ida, there was no expressed or implied agreement to exclude bona fide meal periods and a bona fide regularly scheduled sleeping period.  Rather, the agreement, as documented by the Director of the Department of Water, was that the plaintiff would be paid for all hours on duty.  Additionally, the Parish neither provided adequate sleeping facilities during the period in question nor did any of the plaintiffs usually enjoy an uninterrupted night's sleep.

8.

Despite the clear requirements of the FLSA and its own Personnel Rules, the Parish failed to pay plaintiffs for all hours worked, all of which hours should have been paid at the set overtime rate.  The specific shortfall for each individual plaintiff is set forth below.

9.

At all times pertinent herein, plaintiff Christopher Bertrand was employed as a Water Purification Operator II.  During the pay period in question, August 28, 2021 to September 10, 2021, Mr. Bertrand was on site, on duty and working for at total of 259 hours but was only paid for 201 hours.

10.

At all times pertinent herein, plaintiff Simeon Bradley was employed as a Water Purification Operator.  During the pay period in question, August 28, 2021 to September 10, 2021, Mr. Bradley was on site, on duty and working for at total of 259.5 hours but was only paid for 208.5 hours.

11.

At all times pertinent herein, plaintiff Chanz Cook was employed as a Water Purification Operator IV.  During the pay period in question, August 28, 2021 to September 10, 2021, Mr. Cook was on site, on duty and working for at total of 228 hours but was only paid for 173 hours.

12.

At all times pertinent herein, plaintiff James Eckholdt was employed as a Water Purification Operator IV.   During the pay period in question, August 28, 2021 to September 10, 2021, Mr. Eckholdt was on site, on duty and working for at total of 259 hours but was only paid for 208 hours.

13.

At all times pertinent herein, plaintiff Tristan Ekinia was employed as a Water Purification Operator I.   During the pay period in question, August 28, 2021 to September 10, 2021, Ms. Ekinia was on site, on duty and working for at total of 226.75 hours but was only paid for 178.75 hours.

14.

At all times pertinent herein, plaintiff Jason Foltz was employed as a Water Purification Operator I.  During the pay period in question, August 28, 2021 to September 10, 2021, Mr.

Foltz was on site, on duty and working for at total of 229.25 hours but was only paid for 181.25 hours.

15.

At all times pertinent herein, plaintiff Christopher Gai was employed as a Water Purification Superintendent I. During the pay period in question, August 28, 2021 to September 10, 2021, Mr. Gai was on site, on duty and working for at total of 156 hours but was only paid for 139 hours.

16.

At all times pertinent herein, plaintiff Mervin Graves was employed as a Water Purification Superintendent II  During the pay period in question, August 28, 2021 to September 10, 2021, Mr. Graves was on site, on duty and working for at total of 243.25 hours but was only paid for 189.25 hours.

17.

At all times pertinent herein, plaintiff Philip Kerlec was employed as a Trades Helper During the pay period in question, August 28, 2021 to September 10, 2021, Mr. Kerlec was on site, on duty and working for at total of 241.75 hours but was only paid for 187.75 hours.

18.

At all times pertinent herein, plaintiff Clyde Linam was employed as a Water Purification Superintendent I. During the pay period in question, August 28, 2021 to September 10, 2021, Mr. Linam was on site, on duty and working for at total of 247 hours but was only paid for 170 hours.

19.

At all times pertinent herein, plaintiff Christopher Livingston was employed as a Water Purification Superintendent I. During the pay period in question, August 28, 2021 to September 10, 2021, Mr. Livingston was on site, on duty and working for at total of 247 hours but was only paid for 196 hours.

20.

At all times pertinent herein, plaintiff Arthur Maillet was employed as a Water Purification Superintendent I. During the pay period in question, August 28, 2021 to September 10, 2021, Mr. Maillet was on site, on duty and working for at total of 226 hours but was only paid for 175 hours.

21.

At all times pertinent herein, plaintiff Dwayne Parker was employed as a Water Purification Operator I. During the pay period in question, August 28, 2021 to September 10, 2021, Mr. Parker was on site, on duty and working for at total of 203 hours but was only paid for 155 hours.

22.

At all times pertinent herein, plaintiff Bernard Propps was employed as a Water Plant Maintenance Superintendent. During the pay period in question, August 28, 2021 to September 10, 2021, Mr. Propps was on site, on duty and working for at total of 245.75 hours but was only paid for 191.75 hours.

23.

At all times pertinent herein, plaintiff Kristen Rivero was employed as a Water Quality

Scientist IV.    During the pay period in question, August 28, 2021 to September 10, 2021, Ms. Rivero was on site, on duty and working for at total of 252.5 hours but was only paid for 201.5 hours.

24.

At all times pertinent herein, plaintiff Nian Sanders was employed as a Water Purification Operator.    During the pay period in question, August 28, 2021 to September 10, 2021, Mr. Sanders was on site, on duty and working for at total of 252 hours but was only paid for 204 hours.

25.

At all times pertinent herein, plaintiff Brandon Theriot was employed as a Water Purification Operator I.    During the pay period in question, August 28, 2021 to September 10, 2021, Mr. Theriot was on site, on duty and working for at total of 258 hours but was only paid for 210 hours.

26.

At all times pertinent herein, plaintiff Luke Tyler was employed as a Water Purification Operator I.V.   During the pay period in question, August 28, 2021 to September 10, 2021, Mr. Tyler was on site, on duty and working for at total of 228 hours but was only paid for 177 hours.

27.

At all times pertinent herein, plaintiff Bobbie Wilson was employed as a Water Purification Operator III.    During the pay period in question, August 28, 2021 to September 10, 2021, Mr. Wilson was on site, on duty and working for at total of 221 hours but was only paid for 168 hours.

28.

At all times pertinent herein, plaintiff Brogan Young was employed as a Semi-Skilled Laborer   During the pay period in question, August 28, 2021 to September 10, 2021, Mr. Young was on site, on duty and working for at total of 242 hours but was only paid for 188 hours.

WHEREFORE, plaintiffs pray that after all due process there be judgment in favor of plaintiffs and against the Parish of Jefferson for all unpaid wages and overtime, for liquidated damages as provided by the FLSA, for reasonable attorneys' fees and court costs, for pre and post-judgment interest and for all other just and equitable relief.

Respectfully submitted,

\s\ Brett J. Prendergast
Brett J. Prendergast, 17755
4603 S. Carrollton Avenue
New Orleans, Louisiana 70119
Telephone: (504) 593-9277
Fax: (504) 523-2362
brett_p_1999@yahoo.com