UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER BERTRAND, ET AL.,**     **Plaintiffs** | **CIVIL DOCKET** |
| **VERSUS** | **NO.  22-1618** |
| **JEFFERSON PARISH,**     **Defendants** | **SECTION: "E" (4)** |

## ORDER AND REASONS

Before the Court is a Joint Motion to Seal Exhibits A – G to Parties' Joint Motion for Approval of Settlement Agreements and to Partially Dismiss with Prejudice ("Motion to Seal").[1] The parties also filed a Joint Motion for Approval of Settlement Agreements and to Partially Dismiss with Prejudice ("Motion to Approve Settlement").[2] For the reasons that follow, the Court **DENIES** the Motion to Seal and grants the parties fourteen (14) days to advise the Court whether they continue to request approval of the settlement, with the understanding that the settlement, if approved, will be approved by separate order, not under seal, and that the settlement agreements will be unsealed on the record.

## BACKGROUND

On June 3, 2022, twenty employees of Jefferson Parish's Water Department sued Jefferson Parish for allegedly violating the Fair Labors Standards Act ("FLSA") during and in the aftermath of Hurricane Ida.[3] On November 29, 2022, the parties filed the instant Motion to Seal,[4] seeking to file seven Plaintiffs' settlement agreements under seal as exhibits to the parties' pending Motion to Approve Settlement.[5]

---

[1] R. Doc. 11.
[2] R. Doc. 12.
[3] R. Doc. 1.
[4] R. Doc. 11.
[5] R. Doc. 12.

1

## **LAW AND ANALYSIS**

The parties move the Court to seal Exhibits A – G to the Motion for Approval because the settlement agreements "specifically include[] a confidentiality provision."[6] The provision states:

> Hold the fact of this settlement, the amount of this settlement, and the terms and conditions of this settlement, and the identity of any party making any payment or otherwise participating in this settlement confidential, except as may be required for tax preparation, consultation with legal counsel in this matter, or pursuant to court order, subpoena, or other lawful process; and otherwise agree to this settlement agreement being sealed.[7]

Because this confidential provision "was a material condition of the settlement," the parties reason, it is "jointly request[ed] that this Court grant their" Motion to Seal.[8]

Generally, there is a strong presumption in favor of public access to court records.[9] In determining whether to seal a document, the Court "must balance the public's common law right of access against the interests favoring nondisclosure."[10] In the FLSA context specifically, "there is a strong presumption in favor of keeping the settlement agreements in FLSA wage-settlement cases unsealed and available for public review. The public's interest in accessing the settlement agreement, including the settlement amount, often outweighs any interest in confidentiality."[11] The consensus of district courts faced with a motion to seal a FLSA settlement hold that the settlement cannot be sealed absent some extraordinary reason that overcomes the presumption of public access.[12] The parties do

---

[6] R. Doc. 11-1 at p. 2.
[7] *Id.*
[8] *Id.* at pp. 2-3.
[9] *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *SEC v. VanWaeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993).
[10] *VanWaeyenberghe*, 990 F.2d at 848.
[11] *Parrish v. Def. Sec. Co.*, No. 10-2604, 2013 WL 372940, at *1 (N.D. Tex. Jan. 31, 2013) (quoting *Rodriguez v. El Polio Regio, Inc.*, No. 11-2276, 2012 WL 5506130, at *1 (N.D. Tex. Feb. 23, 2012)).
[12] *See, e.g., Rodriguez v. El Polio Regio, Inc.*, 2012 WL 5506130, at *1 (N.D. Tex. Feb.23, 2012); *Joo v. Kitchen Table, Inc.*, 763 F.Supp.2d 643, 647 (S.D.N.Y. 2011) (collecting cases); *Tran v. Thai*, 2009 WL 2477653, at *1 (S.D. Tex. Aug.12, 2009).

not articulate an extraordinary reason to seal the motion to approve the settlement and cannot not overcome the strong presumption in favor of public access to such documents. As a result, the Court denies the motion to seal. The Court will allow the parties fourteen (14) days to advise the Court whether they continue to request approval of the settlement.

## CONCLUSION

**IT IS ORDERED** that the parties' joint Motion to Seal is **DENIED.**

**IT IS FURTHER ORDERED** that the parties advise the Court if they continue to request approval of the settlement by no later than **December 14, 2022.** In that event, Exhibits A – G will be unsealed on the record.

**IT IS FURTHER ORDERED** that the parties advise the Court if they do not wish to continue to request approval of the settlement by no later than **December 14, 2022.** In that event, the parties may file a motion to remove proposed Exhibits A – G from the record by no later than **December 14, 2022**. If no such motion is timely filed, the documents will be unsealed as public records.

New Orleans, Louisiana, this 1st day of December, 2022.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**