UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER BERTRAND, ET AL.,** <br>   Plaintiffs | **CIVIL DOCKET** |
| **VERSUS** | **NO. 22-1618** |
| **JEFFERSON PARISH,** <br>   Defendant | **SECTION: "E" (4)** |

## ORDER AND REASONS

Before the Court is a Joint Motion to Approve Settlement Agreements.[1] For the reasons that follow, the Motion is **GRANTED**.

## BACKGROUND

On June 3, 2022, twenty employees of Jefferson Parish's Water Department sued Jefferson Parish ("Defendant") for allegedly violating the Fair Labors Standards Act ("FLSA") during and in the aftermath of Hurricane Ida.[2] On December 9, 2022, upon joint motion of the parties, the Court approved the settlement agreements of seven of the twenty employees.[3] On January 20, 2023, the parties filed the instant Joint Motion to Approve Settlement Agreements,[4] thereby requesting the Court's approval of the remaining thirteen employees' settlement agreements: Christopher Bertrand, Arthur Maillet, Bernard Propps, Bobbie Wilson, Brogan Young, Tristan Ekinia, Jason Foltz, Chris Gai, Simeon Bradley, Chanz Cook, James Eckholdt, Philip Kerlec, and Clyde Linam (collectively "Remaining Plaintiffs").[5] The settlement agreements are identical in their

---

[1] R. Doc. 15.
[2] R. Doc. 1.
[3] R. Doc. 14 (approving the settlement agreements of Brandon Theriot, Chris Livingston, Dwayne Parker, Kristen Rivero, Luke Tyler, Mervin Gates, and Nian Sanders).
[4] R. Doc. 15.
[5] *Id.*

1

terms except for the settlement amount.[6] Moreover, the Remaining Plaintiffs are represented by the same counsel. Accordingly, the Court will analyze the agreements together.

## LEGAL STANDARD

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."[7] "In order to approve a settlement proposed by an employer and employees of a suit brought under the FLSA and enter a stipulated judgment, a court must determine that the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions."[8] The Court must scrutinize the proposed settlement agreement to verify that parties are not circumventing the "clear FLSA requirements" by entering into a settlement agreement.[9] When deciding whether to approve a proposed settlement, the Court must assess whether the proposed settlement is both (1) the product of a bona fide dispute over the FLSA's provisions and (2) fair and reasonable.[10]

## LAW AND ANALYSIS

### I. The settlements are the product of a bona fide dispute.

When deciding whether a bona fide dispute exists, the Court considers whether there is a "genuine dispute as to the Defendant's liability under the FLSA,"[11] as "[w]ithout

---

[6] *See* R. Docs. 15-3, 15-4, 15-5, 15-6, 15-7, 15-8, 15-9, 15-10, 15-11, 15-12, 15-13, 15-14, 15-15.
[7] *Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d 714, 719 (E.D. La. 7/9/2008) (Berrigan, J.) (internal quotations omitted).
[8] *Id.*
[9] *See id.*
[10] *Domingue v. Sun Electric & Instrumentation, Inc.*, No. 09-682, 2010 WL 1688793, at *1 (E.D. La Apr. 26, 2010).
[11] *Allen v. Entergy Operations, Inc.*, No. 11-1571, 2016 WL 614687, at *1 (E.D. La. Feb. 11, 2016).

a bona fide dispute, no settlement could be fair and reasonable."[12] This is particularly true in an "FLSA [action because its provisions] are mandatory, and not subject to negotiation and bargaining between employers and employees."[13]

The Court finds a bona fide dispute exists between the Remaining Plaintiffs and Defendant with regard to whether Defendant violated the FLSA. First, all parties are represented by counsel. Although the existence of a lawsuit with attorneys representing the parties does not automatically establish there is a bona fide dispute, representation on both sides "does indicate . . . the likelihood of a pressured settlement is low."[14] Second, the Remaining Plaintiffs and Defendant dispute whether the Remaining Plaintiffs were properly paid regular and overtime compensation.[15] The Court finds these two factors sufficient to conclude that, in this case, there was "aggressive prosecution and strenuous defense" to prove a bona fide dispute.[16]

## II. The settlements are fair and reasonable.

In determining whether a negotiation is fair and reasonable under FLSA, courts are guided by *Reed v. General Motors Corporation*, in which the Fifth Circuit enumerated factors to determine whether a settlement is fair.[17] These factors track Rule 23 of the Federal Rules of Civil Procedure, which governs settlements in class actions. Courts, however, "adopt or vary these factors in their application in light of the special role of the

---

[12] *Collins*, 568 F. Supp. 2d at 719.
[13] *Allen*, 2016 WL 614687, at *1.
[14] *Stephens v. Take Paws Rescue, et al.*, Civ. A. 21-1603, R. Doc. 23 at p. 4 (E.D. La. 6/14/2022) (Vance, J.) (internal quotations omitted).
[15] R. Doc. 15-1 at p. 4.
[16] *See Atkins v. Worley Catastrophe Response, LLC*, No. 12-2401, 2014 WL 1456382, at *2 (E.D. La. Apr. 14, 2014).
[17] *Allen*, 2016 WL 614687, at *2; *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983)*; see also Collins*, 568 F. Supp. 2d at 722 (noting "Rule 23 does not control FLSA collective actions, [but] many courts have adopted many of Rule 23's procedures" given the court's discretion under §216(b)).

Court in settlement of FLSA claims."[18] Although a collective action under FLSA differs from a class action under Rule 23, courts consider the same factors in determining whether the resulting settlement is fair and reasonable.[19] Those factors are: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives, and absent class members.[20] "The Court applies these factors to the extent feasible."[21]

   A. *The existence of fraud or collusion behind the settlement*

With respect to the "fraud or collusion" factor, there are several presumptions that guide a court's determination of whether a settlement is fair and reasonable. "[T]here is a strong presumption in favor of finding a settlement fair,"[22] and, absent evidence to the contrary, there is a presumption that no fraud or collusion occurred between counsel.[23] In light of these presumptions, however, "it is clear that the court should not give rubber-stamp approval."[24] The Court has found no indication of fraud or collusion. The parties have engaged in discovery and negotiations to resolve this matter. This factor indicates the settlement is fair and reasonable.

   B. *The complexity, expense, and likely duration of the litigation*

The instant case has been pending for approximately seven months. The Court has

---

[18] *Collins*, 568 F. Supp. 2d at 722.
[19] *Stephens*, Civ. A. 21-1603, R. Doc. 23 at p. 5.
[20] *Collins*, 568 F. Supp. 2d at 722 (citing *Camp v. Progressive Corp.*, No. 01-2680, 2004 WL 2149079 (E.D. La. Sept. 23, 2004)).
[21] *Stephens*, Civ. A. 21-1603, R. Doc. 23 at p. 6.
[22] *Domingue*, 2010 WL 1688793, at *1 (internal quotations omitted).
[23] *Akins*, 2014 WL 1456382, at *2.
[24] *Id.* (internal quotations omitted)).

scheduled a four-day bench trial for the case, to begin on June 12, 2023.[25] If this case proceeds to trial, there will be numerous issues of fact that would contribute to the complexity, expense, and duration of the litigation. The Court finds the unresolved issues and the complexity of the litigation indicate the settlement is fair and reasonable.

### C. *The stage of the proceedings and the amount of discovery completed*

A court will consider how much formal discovery has been completed for two reasons: (1) "extensive discovery [by the parties indicates] a good understanding of the strengths and weaknesses of their respective cases and hence that the settlement's value is based upon such adequate information," and (2) "full discovery demonstrates that the parties have litigated the case in an adversarial manner and . . . therefore . . . settlement is not collusive but arms-length."[26] The lack of much formal discovery is not necessarily fatal, however, and a court may look to informal avenues of gathering information or may approve a settlement with no formal discovery conducted.[27]

In this case, the parties represent to the Court they have engaged in discovery and produced "extensive documentation."[28] "These documents were then reviewed during an in-person meeting between counsel."[29] The Court finds the parties have had a sufficient opportunity to engage in discovery and reach a good understanding of the strengths and weaknesses of their respective cases. The parties have litigated the case in an adversarial manner and are sufficiently familiar with the facts of this case to reach a fair settlement.

---

[25] R. Doc. 9.
[26] NEWBERG ON CLASS ACTIONS § 13:50 (5th ed.)
[27] *See id.*; *In re Chicken Antitrust Litig. Am. Poultry*, 669 F.2d 228, 241 (5th Cir. 1982) (explaining that formal discovery is not "a necessary ticket to the bargaining table" where the parties and the court are adequately informed to determine the fairness of the settlement) (citing *In re Corrugated Container Antitrust Litigation*, 643 F.2d 195, 211 (5th Cir. 1981)).
[28] R. Doc. 15-1 at p. 4.
[29] *Id.*

5

This factor weighs in favor of finding the settlement fair and reasonable.

### D. *The probability of the Remaining Plaintiffs' success on the merits*

Because the instant litigation is in its early stages, it is uncertain whether the Remaining Plaintiffs will be successful. The parties have taken into account the uncertain outcome and the risk of continued litigation, as well as the difficulties and delays inherent in such litigation.[30] The Court finds, given the unresolved disputes between the parties and the stage at which this litigation remains, it is unclear whether and to what extent the Remaining Plaintiffs would be meritorious. This factor indicates the settlement is fair and reasonable.

### E. *The range of possible recovery*

The settlement amounts vary by employee, as follows: Christopher Bertrand ($4,434.24), Arthur Maillet ($7,633.04), Bernard Propps ($8,438.12), Bobbie Wilson ($5,859.00), Brogan Young ($2,842.18), Tristan Ekinia ($4,167.72), Jason Foltz ($4,693.04), Chris Gai ($2,208.70), Simeon Bradley ($2,961.20), Chanz Cook ($4,414.54), James Eckholdt ($4,049.72), Philip Kerlec ($2,967.04), and Clyde Linam ($7,205.96). The parties do not indicate how these figures were calculated, but the amounts are not nominal. The Court cannot ascertain whether the agreed-upon amount is within a range of possible recoveries for the Remaining Plaintiffs. There is no evidence indicating the amount would not be within a range of possible recoveries. As a result, this factor does not weigh for or against a finding that the settlement is fair and reasonable.[31]

---

[30] *See, e.g., id.* at pp. 3-4.

[31] The Court does not assess the sixth Rule 23 factor because it is not applicable to this case—this case is not a class action, and the sixth factor specifically considers the opinions of class counsel, class representatives, and absent class members. *See Stephens*, Civ. A. 21-1603, R. Doc. 23 at pp. 6-7 (not considering the sixth factor when faced with a motion to approve FLSA settlement in a case that was not a class action).

**CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that the Motion to Approve Settlement Agreements [32] be and hereby is **GRANTED** and that the Settlement Agreements are **APPROVED**.[33] The Court hereby retains jurisdiction to enforce the terms of the Settlement Agreements and to determine the amount of attorneys' fees and costs due to the Plaintiffs' counsel, if necessary.[34]

**New Orleans, Louisiana, this 23rd day of January, 2023.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[32] R. Doc. 15.
[33] *See* R. Docs. 15-3, 15-4, 15-5, 15-6, 15-7, 15-8, 15-9, 15-10, 15-11, 15-12, 15-13, 15-14, 15-15.
[34] The parties represent that a motion "requesting a Dismissal will be filed separate from this Motion, as Plaintiffs' counsel is still in the process of calculating his costs." *See* R. Doc. 15-1 at p. 5. **IT IS ORDERED** that such a motion be filed by no later than **Monday, February 6, 2023**.